Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (X)

| HAROLD BASTIAN Y OTROS<br><br>Apelante<br><br>v.<br><br>IVÁN ROMÁN RIVERA Y OTROS<br><br>Apelado | TA2025AP00062 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso núm.: G AC2018-0023 (302)<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Comparece ante este tribunal apelativo, el Sr. Harold Bastian (señor Bastian o apelante) mediante el recurso de apelación de epígrafe solicitándonos que revoquemos la *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI), el 2 de mayo de 2025. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* a la moción dispositiva presentada por el Sr. Iván Román Rivera (señor Román Rivera o apelado). Consecuentemente, desestimó la demanda incoada.

Por los fundamentos que expondremos a continuación, se confirma la determinación recurrida.

**I.**

El 16 de marzo de 2018, el señor Bastian, la Sra. Daisy Vega Rivera y la Sociedad Legal de Gananciales por ambos compuesta, presentaron una *Demanda* sobre incumplimiento de contrato contra el señor Román Rivera, la Sra. Patricia Figueroa y la Sociedad Legal de Gananciales compuesta por ambos, y Public Adjusters of Puerto

Rico (PAPR).[1] En esta, se adujo que en septiembre de 2017, luego del paso del Huracán María, recibió una llamada del señor Román Rivera en la que este le ofreció pagarle el treinta y tres por ciento (33%) de los ingresos que obtuviera como ajustador público autorizado, como resultado de los contratos que, a través de sus contactos en el gobierno, gestionara o contribuyera a obtener. Sostuvo que aceptó la oferta inmediatamente y procedió a llevar a cabo varias gestiones, a los fines de cumplir con el contrato verbal. Detalló que producto de estas, el señor Román Rivera logró suscribir acuerdos con el Municipio de Guayama y con la Iglesia Sin Paredes. Asimismo, adujo que logró acuerdos preliminares sujetos a la firma del apelado, mas, este nunca los suscribió. A pesar de lo anterior, indicó que el señor Román Rivera se había negado a pagarle el treinta y tres por ciento (33%) de las ganancias, según lo acordado.

Así pues, el señor Bastian solicitó: (1) que se ordenase al señor Román Rivera a pagarle el 33% de cualquier ingreso o beneficio obtenido, gracias a las gestiones que había realizado; así como de aquellos contratos malogrados por la conducta negligente del apelado; (2) una suma no menor de $300,000 por concepto de angustias y sufrimientos y, (3) la imposición de honorarios de abogado.

El 23 de junio de 2018, la parte apelada presentó su *Contestación a la Demanda*.[2] En esencia, negó categóricamente la existencia de una relación contractual entre él y el señor Bastian. Como defensas afirmativas, sostuvo que la demanda no contaba con una causa de acción que justificara la concesión de un remedio. Además, afirmó que la demanda invocaba un contrato inexistente que, según los términos alegados, resultaba ilegal. Precisó que,

---

[1] Véase, Apéndice 1 del recurso. Advertimos que, en su contestación a la demanda, el apelado alegó no estar casado con la Sra. Patricia Figueroa. Véase, Apéndice 2 del recurso, a la pág. 1.
[2] Véase, Apéndice 2 del recurso.

compartir honorarios con una persona que no contaba con una licencia de ajustador era contrario a la ley.

Tras un sin número de incidencias procesales, el 12 de marzo de 2025, el apelado instó una *Solicitud de Desestimación, en su defecto, Solicitud de Sentencia Sumaria*.[3] Mediante esta, arguyó que la reclamación del señor Bastian estaba basada en un contrato verbal imaginario. Manifestó que, aun asumiendo que las alegaciones de la demanda fuesen ciertas, estas no constituían una causa de acción válida, pues resultaban contrarias a la ley, a la moral o el orden público. Detalló que la causa de contrato resultaba ilícita, toda vez que el Código de Seguros de Puerto Rico prohibía, entre otros, que una persona operara como ajustador público sin poseer licencia para ello. Así, sostuvo que el pago por referidos a terceros no autorizados potenciaba un conflicto de intereses y afectaba la integridad del proceso de ajuste de reclamaciones.

El 31 de marzo de 2025, el señor Bastian se opuso.[4] De entrada, sostuvo que nunca realizó gestión alguna, ni actuó como ajustador, por lo que el contrato pactado era completamente legal y válido. Por otro lado, arguyó que el acuerdo constituía un contrato de corretaje que, por no estar regulado por el Código Civil, quedaba sujeto a lo acordado entre las partes o, en su defecto, a las disposiciones generales aplicables a los contratos.

Por último, adujo que la moción del apelado no cumplía con las disposiciones de la Regla 36 de las de Procedimiento Civil, por lo que no podía ser acogida como una solicitud de sentencia sumaria.

---

[3] Véase, Apéndice 3 del recurso.
[4] Véase, Apéndice 4 del recurso. Advertimos que, en su oposición, el señor Bastian alegó que la moción de desestimación constituía un refrito de una solicitud previa presentada por el apelado, a esos mismos fines. No obstante, no surge del expediente ante nuestra consideración documento alguno que nos permita corroborar tal alegación.

El 8 de abril posterior, la parte apelada replicó la oposición del señor Bastian.[5] Luego, el 15 de abril siguiente, la parte apelante instó una dúplica a la réplica.[6]

Atendidos los escritos de las partes, el 2 de mayo de 2025, el foro primario emitió la *Sentencia* apelada, declarando *Ha Lugar* a la moción dispositiva presentada por el señor Román Rivera.[7] El foro *a quo* razonó que el señor Bastian no contaba con autorización alguna para actuar como agente, corredor, solicitador, ajustador o consultor de seguros, ni estaba registrado como cabildero. Concluyó que, de las alegaciones de la demanda, surgía expresamente que el señor Bastian pretendía utilizar sus influencias personales indebidamente para lograr un trato preferente hacia el señor Román Rivera. Razonó que ello generaba un conflicto de legalidad entre lo pactado, toda vez que el acuerdo estaba fundado en una práctica prohibida. Consecuentemente, dispuso que la obligación pactada era nula *ab initio*.

Insatisfecho, el 19 de mayo de 2025, el señor Bastian instó una *Moción de Reconsideración*.[8] En lo pertinente, adujo que la conclusión de que pretendía utilizar influencias personales de manera indebida era falsa. Añadió que el foro recurrido incidió en la aplicación del derecho. Detalló que nunca alegó ser ajustador, cabildero ni intermediario financiero. Por el contrario, sostuvo que únicamente alegó tener una obligación y un derecho en un contrato de corretaje.

El 30 de marzo de 2025, notificada el 30 de mayo posterior, el tribunal primario la declaró No Ha Lugar.[9]

---

[5] Véase, Apéndice 5 del recurso.
[6] Véase, Apéndice 6 del recurso.
[7] Véase, Apéndice 2 del recurso. Señalamos que, en su dictamen, el foro recurrido dispuso que la moción presentada por el apelado no fue aceptada como una moción de sentencia sumaria por haberse presentado fuera del término para ello.
[8] Véase, Apéndice 7 del recurso. Por segunda ocasión, el apelante hizo referencia a que la solicitud del señor Román Rivera ya había sido atendida previamente mediante otra moción de desestimación. Reiteramos que en el expediente ante nuestra consideración no surge la alegada moción previa.
[9] Véase, Apéndice 8 del recurso.

Inconforme aún, el señor Bastian acude ante esta *Curia* imputándole al foro primario la comisión de los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR- ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA POR ENTENDER QUE EL CONTRATO ERA NULO POR LA VENTA INDEBIDA DE INFLUENCIAS, A PESAR DE QUE, NO EXISTE EVIDENCIA DE ELLO Y QUE EL APELANTE NO ES FUNCIONARIO PÚBLICO.
>
> SEGUNDO SEÑALAMIENTO DE ERROR- ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA AL AMPARO DE LA REGLA 10.2(5) DE LAS REGLAS DE PROCEDIMIENTO CIVIL DE PUERTO RICO; PUES EL CONTRATO VÁLIDO, ES DECIR, EL APELANTE TIENE AL MENOS UNA RECLAMACIÓN QUE JUSTIFICA LA CONCESIÓN DE UN REMEDIO.

El 8 de julio de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término de treinta (30) días para presentar su alegato en oposición. El 23 de julio siguiente, se cumplió con lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado al recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

**La moción de desestimación**

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, dispone que las defensas que tienen las partes para fundamentar una moción de desestimación son las siguientes: falta de jurisdicción sobre la materia o la persona; insuficiencia en el emplazamiento o su diligenciamiento; dejar de exponer una reclamación que justifique la concesión de un remedio; o dejar de acumular una parte que sea indispensable en el pleito. Para que proceda una moción de desestimación bajo esta regla de procedimiento, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor."

*Rivera San Feliz et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013).

Ante una moción de desestimación, bajo la Regla 10.2 de las de Procedimiento Civil, *supra,* la demanda y sus alegaciones han de ser consideradas por el tribunal lo más liberalmente posible a favor de la parte demandante. El tribunal que evalúa la moción de desestimación debe concederle a la parte demandante el beneficio de toda inferencia posible que pueda surgir de la demanda. No se determinará si el demandante prevalecerá finalmente en el pleito, sino si el demandante tiene o no derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos bien alegados en la demanda. José Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Publicaciones JTS, 2000, Tomo I, pág. 271 citando a *Davis y Monroe County Board of Ed.,* 143 LE 2d 839 (1999).

**Contratos y su Nulidad**

En Puerto Rico rige el principio de libertad de contratación según el cual los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre y cuando no sean contrarios a las leyes, a la moral, ni al orden público. Artículo 1207 del Código Civil de 1930 (derogado), 31 LPRA sec. 3372.[1]

Una vez perfeccionado un contrato, sus disposiciones tienen fuerza de ley entre las partes, y tienen que ser cumplidas. *VDE Corporation v. F & R Contractors,* 180 DPR 21, 34 (2010). Sin embargo, para que dicho contrato sea válido, es menester que cumpla con los requisitos esenciales de consentimiento, objeto y causa. Artículo 1213 del Código Civil de 1930 (derogado), 31 LPRA sec. 3391. La ausencia de alguno de estos elementos provoca que

---

[1] Destacamos que mediante la Ley núm. 55-2020 se aprobó el nuevo Código Civil de Puerto Rico. No obstante, los hechos del caso tienen su génesis en momentos previos a la vigencia del nuevo cuerpo legal, por lo que, procede la aplicación de las disposiciones del derogado Código Civil de 1930.

un contrato sea nulo *ab initio,* pues se considera que nunca nació a

la vida jurídica. *Rosario Rosado v. Pagán Santiago, supra,* pág. 188.

> En algunas instancias, aun cuando aparenta existir un vínculo contractual, se presentan situaciones que demuestran que el contrato que hasta ese momento se presumía válido, en realidad, es ineficaz. Dependiendo de la circunstancia específica que provoca esa ineficacia, el contrato podría adolecer de nulidad relativa o de nulidad absoluta o radical, también conocida como la nulidad *ab initio.* Este tipo de defecto –la nulidad absoluta– se caracteriza en que el contrato, siendo nulo, es inexistente en el orden jurídico y no produce ningún efecto.

*Íd.*, pág. 187. (Citas omitidas).

Así pues, existe nulidad absoluta de un contrato cuando el

mismo cuenta con alguna imperfección que le impide producir sus

propios efectos. Es decir, que un contrato es radicalmente nulo

cuando carece de alguno de los elementos esenciales para su

validez, o cuando es contrario a la ley, la moral o al orden público.

Artículo 1207 del Código Civil de 1930 (derogado), 31 LPRA sec.

3372.

En lo pertinente al requisito de causa del contrato, el

ordenamiento jurídico exige que, además de existir, esta debe ser

lícita y verdadera. De modo que, todo contrato sin causa o con causa

ilícita es nulo. La causa de un contrato es ilícita cuando se opone a

las leyes o a la moral. Al igual que un contrato sin causa, el contrato

sin causa lícita no produce efecto alguno. *Piovanetti v. S.L.G. Touma,*

*S.L.G. Tirado,* 178 DPR 745, 773 (2010).

**Influencia Indebida**

El Código Penal de Puerto Rico dispone en su Artículo 261, 33

LPRA sec. 5352[10], lo siguiente:

> Toda persona que obtenga o trate de obtener cualquier otro beneficio al asegurar o pretender que se halla en aptitud de influir en cualquier forma en la conducta de un funcionario o empleado público en lo que respecta al ejercicio de sus funciones, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será

---

[10] Aunque el referido artículo fue enmendado en el 2022, hacemos referencia a la versión vigente al mes de septiembre de 2017, fecha en la que fue pactado el contrato objeto de controversia.

sancionada con pena de multa hasta diez mil dólares ($10,000).

Si la persona obtiene el beneficio perseguido, será sancionada con pena de reclusión por un término fijo de ocho (8) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta treinta mil dólares ($30,000).

El tribunal también podrá imponer la pena de restitución.

Tal precepto intenta proteger el descargo de la función pública de toda intervención extraña y contraria al buen desempeño de esta. La prohibición se extiende a **cualquier persona** y no se limita a funcionarios o empleados públicos. Tampoco exige que el autor del acto se beneficie en su propio patrimonio, sino que es suficiente con que obtenga o intente obtener cualquier beneficio. *Pueblo v. Luzón*, 113 DPR 315, 320 (1982).

### III.

En su primer señalamiento de error, el apelante señaló que el foro primario incidió al desestimar la demanda bajo el razonamiento de que el contrato era nulo por la venta indebida de influencias, aun cuando no existe evidencia de ello y él no es funcionario público. Precisó que no es posible que haya vendido influencias indebidas, puesto que no funge como funcionario público.

De otra parte, en su segundo señalamiento de error, alegó que el foro recurrido erró al desestimar la demanda, pues su reclamación sí justifica la concesión de un remedio. Por lo que, insiste en que no ejerció como ajustador y su función se limitó a conseguirle clientes al señor Román Rivera. Reitera, además, que el contrato en cuestión no tiene una causa ilícita.

Por estar relacionados entre sí, atenderemos ambos señalamientos de error en conjunto. Adelantamos que, evaluado el expediente ante nuestra consideración, razonamos que no le asiste la razón.

En primer orden, el argumento del señor Bastian de que no pudo haber incurrido en una venta de influencias indebidas por no ser funcionario público parte de una premisa errónea. Según esbozado, el Artículo 261 del Código Penal, *supra,* no limita su alcance a funcionarios o empleados públicos, sino que expresamente dispone que aplica a **toda persona** que **obtenga o intente obtener un beneficio al asegurar o pretender que puede influir en cualquier forma en la conducta de un funcionario o empleado público.** En otras palabras, la persona que lleve a cabo el acto no tiene que ser funcionaria pública para que le aplique la referida disposición.

De modo que, el hecho de que el señor Bastian no se desempeñe como funcionario público, no lo excluye del alcance del referido artículo, como erróneamente razona.

Por otro lado, con respecto a que no existe evidencia de la venta de influencias indebidas, advertimos que surge de las propias alegaciones de la demanda que el señor Bastian aceptó un acuerdo en el **que utilizaría sus contactos en el gobierno para que el señor Román Rivera obtuviese contratos y, posteriormente, recibiría una compensación por ello**. En ese caso, solo nos resta por apuntalar la frase jurídica "admisión de parte, relevo de prueba".

Por último, razonamos que el planteamiento del apelante, sobre que el contrato no contaba con una causa ilícita, también carece de méritos. De conformidad al derecho reseñado, para que un contrato sea válido este debe tener, entre otros, una causa lícita. Nuevamente, surge de las propias alegaciones de la demanda que la causa del contrato fue el compromiso del señor Bastian de utilizar sus contactos en el gobierno para facilitar la obtención de contratos al apelado, y a cambio recibiría parte de las ganancias. Tal causa, resulta sin más en una ilícita que, tal y como concluyó el foro recurrido, hace del contrato uno nulo *ab initio.*

Así pues, aun tomando como ciertas las alegaciones contenidas en la demanda, e interpretando la demanda lo más liberalmente a su favor, razonamos que el señor Bastian no tiene derecho alguno bajo el estado de derecho que pudiese probar.

Consecuentemente, concluimos que el foro primario adjudicó correctamente la moción desestimatoria al palio de la Regla 10.2 de las Reglas de Procedimiento Civil, *supra*, por lo que los errores señalados no fueron cometidos.

## IV.

Por los fundamentos expuestos, se confirma el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones